UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


LEE CARR
      Petitioner

v.

                                  No. 2:09-CR-45-3  (2:15-CV-179)

UNITED STATES OF AMERICA
      Respondent


## REPORT AND RECOMMENDATION

      In his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255, Lee Carr ("petitioner") claims among other things that his attorney failed to investigate the possibility of a plea agreement with the government, and failed to advise him that a plea offer was "on the table."

      As the district judge noted, although the law is clear that a defendant has no constitutional right to plea-bargain, there is an unreported case of the Sixth Circuit Court of Appeals which holds that effective representation requires an attorney to make inquiry of the government if there is a possibility of a plea agreement, *Newman v. Vasbinder*, 259 F.App'x 851 (6th Cir. 2008).  The district judge accordingly referred the following interrelated claims set out in Grounds One and Two in petitioner's § 2255 motion to the undersigned magistrate judge to conduct an evidentiary hearing and thereafter to file a report and recommendation regarding:


(1)  Whether the United States made a plea offer to petitioner?

(2)  If so, did petitioner's counsel fail to advise petitioner of that plea offer?

(3)  Whether petitioner's counsel failed to ask the government about the possibility of a plea agreement?

(4)  And if he did not, would the government have agreed to negotiations in the event counsel had asked?

The hearing was held on June 21, 2018. Petitioner was represented by Mr. Eric Reach, a member of the Criminal Justice Act Panel of this court. The United States was represented by AUSA David Gunn. Three witnesses testified at the hearing: petitioner; his trial attorney, Mr. Wayne Stambaugh; and AUSA Wayne Taylor, the lead prosecutor of the case.

The record of this case shows that after the original indictment, there were three superseding indictments filed, resulting in a total of fifteen defendants being charged with various drug and drug-related offenses.  Of those fifteen defendants, seven pleaded guilty, seven elected to proceed to trial, and the charges against one defendant  were dismissed without prejudice.  Petitioner was one of the seven defendants who went to trial.

Petitioner was charged in seven counts: one count of distributing and possessing with the intent to distribute 5 kilograms of cocaine; one count of distributing and possessing with the intent to distribute a quantity of marijuana; one count of conspiring to distribute and to possess with the intent to distribute 50 or more grams of crack;  one count of conspiring to launder money; one cocaine distribution count; one count of manufacturing 50 or more grams of crack; and one count of distributing  5 or more grams of crack. The jury found him guilty of every count with the exception of the count charging him with conspiring to distribute marijuana. [1]

Petitioner testified that he never considered pleading guilty; it was his intention from the outset to go to trial. *His review of the discovery materials, including the transcripts of the wiretaps, only reinforced his intent to proceed to trial.* He never considered plea negotiations, and never asked attorney Stambaugh to investigate the possibility of a plea agreement because he believed that he was not guilty of the conspiracies with which he was charged.

He acknowledged during his cross-examination that he was adamant about going to trial and that he consistently maintained his innocence. Indeed, even after trial he continued to maintain his innocence, writing two letters to the district judge to that effect.

Attorney Stambaugh testified that petitioner insisted upon going to trial from the beginning, and that he never wanted a plea agreement.  In addition to petitioner, six other defendants wanted to go to trial. Because of the number of defendants proceeding to trial and the huge volume of discovery, attorney Stambaugh and the other lawyers met monthly to discuss developments in the case and plan their joint trial strategy.

---

[1] Verdict form, doc. 635; Judgment, doc. 790.

Mr. Stambaugh said that petitioner was a very sophisticated and knowledgeable client, that he was familiar with the federal sentencing guidelines, that he and petitioner discussed the guideline range if he was convicted, and that he completely understood what a conspiracy was. Stambaugh testified that petitioner was "very firm" that he wished to go to trial, and that he (Stambaugh) never told petitioner that his only option was to go to trial. Mr. Stambaugh said that if petitioner had ever indicated a desire to plead guilty, he would have pursued that avenue.

Stambaugh noted that he never asked AUSA Taylor for a plea agreement and that petitioner was his first and so far only client who steadfastly insisted from the outset that he wanted to go to trial.

AUSA Taylor testified that based on his usual practice to avoid wasting precious preparation time in multi-defendant cases, he was quite certain that he asked attorney Stambaugh if petitioner wanted to plead or go to trial. Stambaugh made it clear to AUSA Taylor that petitioner wanted to go to trial. AUSA Taylor recalls that it was his impression from his conversation with attorney Stambaugh that petitioner was "vehement" that he wanted a trial, and that petitioner and six of his co-defendants were adamant about going to trial.

AUSA Taylor was emphatic that had attorney Stambaugh asked him on behalf of petitioner for a plea offer, at the very least it would have included a non-negotiable requirement that petitioner plead guilty to a violation of 21 U.S.C. § 841 (b)(1)(A). AUSA Taylor's testimony is credited in its entirety.

Lastly, petitioner now acknowledges that the government never made a plea offer to Mr. Stambaugh which Stambaugh failed to pass on to him. Petitioner testified that he misconstrued the plea bargain deadline in the Final Pretrial Order to mean that there was an outstanding offer by the government which he was obliged to accept before the stated date. Thus, there never was a plea offer "on the table."

Therefore, to answer the court's questions:

(1) The United States never made a plea offer to Mr. Stambaugh;

(2) Mr. Stambaugh did not fail to pass on to petitioner any plea offer by the government, since there was no offer;

(3) Mr. Stambaugh did not ask the government for a plea offer, but only because petitioner insisted from the very beginning that he wanted to go to trial, and he never wavered from that determination; and

(4) had Stambaugh asked AUSA Taylor for an offer, that offer would have included a non-negotiable demand that petitioner plead guilty to a violation of 21 U.S.C. § 841(b)(1)(A) as charged in Counts 1, 5 and 12.

In an ineffective assistance of counsel claim under § 2255, the petitioner must prove that his attorney's performance was deficient, and that the deficient performance was prejudicial, *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The standard is not perfect representation; rather, it is "reasonably effective assistance" which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

It is beyond argument that petitioner insisted that he was not guilty of the conspiracies, and that he wanted a trial. Under those circumstances, if Stambaugh on his own volition and without authority from his client had approached AUSA Taylor and asked for an offer, it would have been a futile effort and possibly counter-productive as far as the attorney-client relationship was concerned. Even if attorney Stambaugh had asked AUSA Taylor for a plea offer, the best offer Taylor was willing to make was that petitioner plead guilty to a violation of 21 U.S.C. §841(b)(1)(A), an offer that petitioner would have rejected outright. Even if it be assumed that effective representation required attorney Stambaugh to undertake the futile and ultimately fruitless act of asking AUSA Taylor for a plea offer, petitioner suffered no prejudice because he would have refused the offer.

Petitioner has Buyer's Remorse. Based on the outcome of the trial, he now knows that he would be somewhat better off had he pled guilty, his persistent protestations of innocence notwithstanding. His argument that somehow attorney Stambaugh was at fault for his insistence to go to trial has no logic to it. Effective assistance of counsel is judged on the basis of circumstances as they existed at the time of trial, not from the perspective of hindsight, *Rompilla*, 545 U.S. at 381. The pertinent circumstance that existed at the time of trial was petitioner's firm insistence that he wanted a trial. Mr. Stambaugh was not ineffective for honoring his client's unequivocal instructions to proceed to trial.

It is respectfully recommended that the claims set out in Grounds One and Two in petitioner's § 2255 motion be denied.

s/ Dennis H. Inman
United States Magistrate Judge

**NOTE: Any objections to this report and Recommendation must be filed within fourteen days of the date it is filed, 28 U.S.C. 636 (b)(1)(C), and Rule 8(b) of Rules Governing Section 2255 Proceedings. Failure to file objections within the allotted fourteen days will constitute a waiver of any objections.**